Defendant-appellant Charlotte Barber challenges the sentence imposed upon her after conviction for robbery in violation of R.C. 2911.02(A)(3) entered upon her plea of guilt in Cuyahoga County Common Pleas Court. We find appellant's appeal well-taken and remand the matter for resentencing.
The record demonstrates that appellant, a forty-six-year-old heroin addict with a long history of psychiatric disorders, was apprehended by the Bedford Ohio police subsequent to her October 29, 1998 theft of a VCR valued at $149 from a discount department store in order to satisfy her debt to her drug dealer. On May 24, 1999, the Cuyahoga County Grand Jury issued a two-count indictment in which appellant, in count one, was charged with aggravated robbery pursuant to R.C. 2911.01 with two firearm specifications as set forth in R.C. 2941.141 and R.C. 2941.145. On July 19, 1999, upon the recommendation of the State, the single charge against appellant was amended to robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree. Both firearm specifications were deleted. Appellant withdrew her previously entered pleas of not guilty and entered a plea of guilt to the amended charge. On August 30, 1999, the court, after reviewing appellant's pre-sentence and psychiatric reports, imposed a five-year term of imprisonment upon her, the maximum statutory sentence permitted for a felony of the third degree. Appellant appeals from the maximum sentence imposed upon her for this single offense as a matter of right pursuant to R.C. 2853.08 and advances a single assignment of error.
 I. THE TRIAL COURT DID NOT LAWFULLY IMPOSE A MAXIMUM SENTENCE WHEN THE COURT DID NOT RECORD A FINDING, AND SET FORTH ITS REASONS FOR FINDING, THAT MS. BARBER IS A MAJOR DRUG OFFENDER OR A REPEAT VIOLENT OFFENDER OR EITHER COMMITTED THE WORST FORM OF THE OFFENSE OR POSED THE GREATEST LIKELIHOOD FOR COMMITTING FUTURE CRIMES.
In her sole assignment of error, appellant contends that the trial court failed to follow the required statutory guidelines set forth in R.C. 2929.14(C) and R.C. 2929.19(B)(2)(d) in imposing the maximum sentence upon her. The State, on the other hand, argues that the trial court adhered to all the statutory requirements. The State asserts in its brief that appellant poses the greatest likelihood of committing future crimes and that any less of a sentence would demean the seriousness of her conduct.
The imposition of the maximum sentence on an offender who has been found guilty of an offense which is a felony of the third degree for which a prison sentence is not mandatory requires a two-step analysis by the court. First, because there is no presumption for or against imprisonment, the sentencing court must determine whether the offender should be imprisoned or sentenced to community control sanctions. Guidance is found in R.C.2929.13(C), which provides the sentencing court with discretion to impose a sentence of imprisonment or community control sanctions in accordance with the overriding purposes of sentencing — the protection of the public and the punishment of the offender. To this end, the sentencing court is to determine the relative seriousness of the offender's conduct and the likelihood that the offender will commit additional offenses. Should the sentencing court conclude that imprisonment is necessary because the offender's conduct would be demeaned and/or the public would not be adequately protected by the imposition of community control sanctions, then the sentencing court may proceed to a second analysis pursuant to R.C. 2929.14(C) to determine whether the maximum sentence should be imposed.
R.C. 2929.14(C) allows the sentencing court to impose a maximum sentence upon an offender under certain circumstances. In State v.Edmonson (1999), 86 Ohio St.3d 324, 329, 715 N.E.2d 131, the Ohio Supreme Court determined that in order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria set forth in R.C. 2929.14(C).
As pertinent to this appeal, R.C. 2929.14(C) permits the court to impose a maximum sentence "* * * only upon offenders who committed theworst forms of the offense, upon offenders who pose the greatestlikelihood of committing future crimes, * * *." (Emphasis added.)
R.C. 2929.19(B)(2)(d) sets forth the procedure required to be followed by a trial court in the imposition of a maximum sentence upon an offender for a single offense. As applicable here, the statute requires the trial court to "make a finding that gives its reasons for selecting the sentence imposed[.]" Edmonson, supra at 328; see, also, State v.Harrison (Mar. 9, 2000), Cuyahoga App. No 75828, unreported.
In sentencing a defendant pursuant to R.C. 2929.14(C), a judge commits reversible error if he fails to enumerate the findings behind the sentence. State v. Edmonson (1999), 86 Ohio St.3d 324, 329, 715 N.E.2d 131; see, also, State v. Kebe (Nov. 12, 1998), Cuyahoga App. No. 73398, unreported; State v. Grider (Feb. 10, 2000), Cuyahoga App. No. 75720, unreported. In order to impose the maximum term for an offense, the record must reflect that "the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C.2929.14(C)." Edmonson, supra at 329. Further, R.C. 2929.19(B)(2)(d) requires that a judge "make a finding that gives [the] reasons for selecting the sentence imposed" and if that sentence is the maximum term allowed for that offense, the judge is required to set forth "reasons for imposing the maximum prison term." Edmonson, supra; see, also, State v.Beck (Mar. 30, 2000), Cuyahoga App. No. 75193, unreported.
In this case, the court, after reviewing appellant's numerous prior convictions and her numerous prior probation revocations, stated:
 Based upon your record and the fact that a multitude of judges have placed you on probation out of Cuyahoga County with conditions and you just didn't care enough to do any of them you must — I must send you to prison. The likelihood of you committing further crimes is high. A short term would demean the seriousness of your conduct. A short term would not adequately protect the public from you. And therefore, ma'am, I'm going to sentence you to five years at the Ohio State Reformatory for Women at Marysville and order court costs in this case. The Public Defender can represent you for purposes of appeal of this conviction.
 Ma'am, your criminal conduct demonstrates that the maximum sentence is appropriate. Good luck, Ms. Barber.
The trial court's sentencing entry journalized September 1, 1999, stated in pertinent part:
 * * * On a former day the defendant plead guilty to robbery R.C. 2911.02(A3) F-3 (Senate Bill 2) as amended in count 1. The court considered all of the required factors of the law.
 The court finds that prison is consistent with the purpose of R.C. 2929.11.
 The court imposes a prison term at Ohio Reformatory for women, Marysville, Ohio of 5 years. The sentence includes any extensions provided by law. Defendant to receive 101 days jail time credit, to date. * * *
From this record it is clear that the sentencing court properly engaged in the first step necessary in its determination of a sentence for a felony of the third degree. The court considered the purposes of sentencing in its determination that appellant should serve a term of imprisonment and found: [t]he likelihood of [appellant] committing further crimes is high. A short term would demean the seriousness of [appellant's] conduct. A short term would not adequately protect the public from [appellant].
However, because the record fails to designate any of the specific findings required for the imposition of a maximum sentence as set forth in R.C. 2929.14(C), then, it is unclear to this court whether the sentencing court properly engaged in the second step of the necessary analysis.
This court in State v. Trembly (Mar. 16, 2000), Cuyahoga App. No. 75996, unreported,[1] considered the imposition of a maximum sentence under similar circumstances and concluded that the trial court must make explicit findings before imposing the maximum sentence. In Trembly we stated:
 [w]hile the trial court did touch upon a number of reasons for the ultimate sentence in this case; i.e., extensive criminal record, history of illegal drug use, it is apparent that the trial court failed to make the explicit findings required by R.C. 2929.14(C) for imposition of the maximum sentence. Specifically, the trial court failed to find that: (1) defendant-appellant committed the worst form of the crime * * *; or (2) defendant-appellant posed the greatest likelihood of committing future crimes. State v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131; State v. Brooks (Nov. 5, 1998), Cuyahoga App. No. 74382, unreported.
(Emphasis added). Trembly at 15.
In our review of the record we find that it is reasonable to conclude that appellant posed the greatest likelihood of committing future crimes a permissible factor for imposing the maximum sentence. R.C. 2929.14(C). However, although the court arguably set forth reasons for imposing a maximum term, as required under R.C. 2929.19(B)(2)(d), the court failed to set forth any one of the findings required under R.C. 2929.14(C). Nonetheless, based upon the record before us, we are unable to determine whether the trial court merely misspoke her conclusion finding that appellant's likelihood of committing future crimes was only high rather than finding that such likelihood was the highest, or whether the trial court failed to conduct the second step in the analysis necessary pursuant to R.C.2929.14(C) before imposing the maximum sentence.
Thus, because the record fails to unambiguously demonstrate that the sentencing court actually found that appellant met one of the factors set forth in R.C. 2929.14(C), we are constrained to return the matter to the trial court for resentencing in compliance with the sentencing statutes and the mandate of Edmonson, supra. See State v. Legg (Mar. 7, 2000), Franklin App. No. 99AP-574, unreported. Accordingly, appellant's sentence is vacated and the matter is remanded for resentencing.
It is, therefore, ordered that appellant recover of appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and JAMES M. PORTER, J., CONCUR.
 _____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
[1] Trembly's sentence was affirmed on the basis that his conviction fell within the definition of major drug offender as found in R.C.2929.14(D)(3).